RANNELLS *v.* THE STATE, *ex rel.*, &c.

In bastardy prosecutions, if the party proposing to introduce in evidence the statement of the mother's testimony taken before the justice, refuses to state the purpose for which he offers it, the Court may forbid its introduction.

The Court, in its discretion, for cause shown, after the trial of a cause has been begun, may postpone the further trial of the cause until the next day, upon reasonable terms.

The jury is the exclusive judge of the evidence.

APPEAL from the *Marshall* Circuit Court.

DAVISON, J.—Prosecution for bastardy. The justice, before whom the complaint was originally filed, having adjudged *Rannells,* the defendant, the father of the child therein named, transmitted to the Circuit Court a transcript of his proceedings, &c. In that Court there was a verdict against the defendant, upon which the Court, having refused a new trial, rendered judgment.

The record contains a bill of exceptions, which shows, "that while the trial of the cause was in progress, and after the plaintiff had produced her testimony in chief, the defendant, upon affidavit, moved the Court to continue the case until the next morning, for the purpose of enabling him to procure the testimony of *Joshua Hoover, Henry Hoover* and *Charles Bracket,* witnesses named in the affidavit, which con-

Rannells *v.* The State, ex rel., &c.

tinuance was granted on the express condition that the defendant should introduce no other evidence than the testimony of those witnesses after said continuance. The bill further shows, that, prior to the granting of the above continuance, the Court, in answer to an inquiry made by the defendant's counsel, informed the counsel, that the examination of the mother of the child, reduced to writing before the justice, which was on file, could be read in evidence by either party, for the purpose of impeaching or sustaining her, and suggested to the counsel for the defendant, that if he proposed to read the same in evidence, it had better be read then, and thus occupy the time; but the counsel declined to read the examination at that time." And further, the bill shows, that, on the 15th of *February*, 1860, the time to which the trial was continued, the defendant, after examining the above named witnesses, offered to read in evidence said examination of the mother, without stating the purpose for which it was offered. To this the plaintiff objected, on the ground that the order was contrary to the order granting the continuance. The Court refused to admit the evidence, and the defendant excepted.

The statute "regulating prosecutions in cases of bastardy," says: "The testimony of the mother shall be by the justice reduced to writing, read carefully to such witness, and by her be signed, and shall by such justice be returned to the Circuit Court, with the other papers in such case, to be used by either party *to sustain or impeach the testimony* of the witness." 2 R. S. p. 487, sec. 7. Thus, the purpose for which the examination of the mother may be used in evidence, is distinctly pointed out, and the defendant, in this instance, having failed in proposing the evidence, to state the purpose indicated by the statute, the Court had a right to refuse its admission. But the continuance was granted upon the express condition "that the defendant should introduce no evidence other than

Rannells *v.* The State, ex rel., &c.

the testimony of the witnesses named in the affidavit." This, it seems to us, was a condition which the Court, in the exercise of a sound discretion, was authorized to impose; and the defendant, having accepted the continuance upon the condition thus imposed, should not, in violation of the terms on which the trial was postponed, be allowed to introduce the evidence.

It appears by the record, "that the Court, in charging the jury, stated the testimony of *Bracket,* a witness, so far as it related to a conversation between the witness and said *Nancy Nixon,* and also stated the testimony of three other witnesses called by the plaintiff, which statement differed in some particulars from the statement of the testimony of the same witnesses, as made by the defendant's counsel in his argument to the jury; but which agreed substantially with the statement of said testimony, as made by the counsel for the plaintiff in his argument. Whereupon the defendant excepted to the action of the Court in making its statement of the evidence; and thereupon the Court said to the jury that they must determine for themselves what the testimony of each witness was, and must not be governed by the statement made by the Court." In this we perceive no error. The jury are the exclusive judges of the evidence. This is, no doubt, a settled rule, but we are not advised that a mere statement, by the Court, of what the witnesses say in their testimony, is a violation of that rule. Suppose, however, the statement erroneous, still the defendant had no right to complain, because, at his suggestion, the Court promptly corrected itself, by telling the jury that "they must determine for themselves what the testimony of each witness was, and must not be governed by the statement of the Court." We think the motion for a new trial was properly overruled.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

Vol. XVIII.—17

*K. G. Shryock, Horace P. Biddle,* and ―――― *Shuler,* for the appellant.

*J. Bradley* and *D. J. Woodward,* for the appellee.