## DAMP VS. THE TOWN OF DANE.

PRACTICE. (1) *Right of discontinuance.* (2) *Supplemental answer, right to impose terms.* (3–8) *Leave to file answer on payment of costs — Waiver, by plaintiff, of prepayment — His subsequent right to such costs — His remedies — Plaintiff's costs of order offset against defendant's costs on discontinuance.*

## Damp vs. The Town of Dane.

1. As a rule, the plaintiff in an action has an undoubted right to discontinue it.

2. A supplemental answer can be filed only *on leave* (R. S., ch. 125, sec. 41); and the court may impose equitable *terms* as a condition of granting such leave.

3. An order granting leave to file a supplemental answer required defendant to pay the costs of the action to that date, etc., within ten days after the same should be taxed, and gave plaintiff thirty days *after payment of such costs* to reply or demur. *Held,*

    (1) That if defendant took the benefit of the order, he thereby elected to pay such costs, and became absolutely liable to plaintiff therefor, notwithstanding his filing an exception to so much of the order as required such payment.

    (2) That plaintiff did not waive his right to the payment of such costs by accepting the supplemental answer and demurring thereto before the costs were paid.

    (3) That after defendant's counsel had accepted service of a *demurrer* to the supplemental answer, and argued it, without claiming that no such answer had been interposed, it was too late for defendant to claim that he had repudiated the terms imposed, and that therefore the answer was never in the case.

4. If defendant were a natural person, plaintiff's costs, so imposed, might be collected by a proceeding under sec. 4, ch. 149, R. S. (which provides for the issue of a precept by the court to commit to prison a party disobeying its order for the payment of costs, etc.).

5. Whether the authorities of the defendant *town* would be compelled by *mandamus* to levy a tax and pay such costs, or whether plaintiff could maintain an action against the town therefor, is not here decided.

6. The amount of costs due plaintiff from defendant under the aforesaid order, being *definitely determined* by the order here appealed from (though not awarded him by a *judgment*), may, upon equitable principles, be *set off* against any judgment for costs which defendant may recover upon a discontinuance of the action.

7. The *better practice* in such a case is for plaintiff, after a judgment is entered against him for costs, upon a discontinuance of the action, to apply to the court to make such offset.

8. In this case, plaintiff, before discontinuing the action, moved, on notice, that the costs awarded him by the previous order of the court, should be set off against such costs as defendant might be entitled to on a dismissal of the action, and that the proceedings on defendant's part be stayed until said costs should be collected. The court made an order dismissing the action, and, after reciting that the defendant re-

fused to offset against the costs due to it those due from it to plaintiff, directed a stay of proceedings on defendant's part until plaintiff's said costs were paid, and further directed that if defendant should, within forty days, agree to such offset, then its costs should be taxed, and, if they exceeded plaintiff's said costs, the stay should cease, and judgment should be entered for defendant for the excess; but if plaintiff's costs were in excess, then the stay should continue until such excess were paid. On appeal by defendant, this court affirms the order, it not appearing that the appellant is injured thereby.

APPEAL from the Circuit Court for *Dane* County.

This case was before this court on a former occasion on an appeal from a judgment therein for the plaintiff; and such judgment was reversed and a new trial awarded. 29 Wis., 419. As there stated in the opinion, during the progress of the cause in the circuit court, the defendant obtained leave to file a supplemental answer, and subsequently a demurrer thereto was sustained. (p. 425.) The order granting leave to file such supplemental answer required the defendant to pay the costs of the action to the date of the order. These costs were duly taxed at $168.09, and have not been paid. The court allowed the plaintiff ten dollars costs on sustaining the demurrer, which also remain unpaid.

After the cause was remitted to the circuit court, the plaintiff caused to be served upon the attorneys for the defendant a notice of motion to the effect that the above costs be set off against such as the defendant might be entitled to on a dismissal of the action, and that the proceedings on the part of the defendant be stayed until the plaintiff's said costs should be collected and paid. The action had not then been dismissed. The motion papers showed that such costs had been duly demanded of two of the supervisors of the defendant town, and a certified copy of the taxed bill served on each of them. The court heard the motion, and made the following order: "Now, therefore, on motion of plaintiff's attorneys, it is ordered and determined that judgment be entered herein, dismissing and discontinuing this action, with costs in favor of the defendant

Damp vs. The Town of Dane.

to be taxed; but the defendant refusing to offset such costs in its favor, said judgment shall not be entered until said costs in favor of the plaintiff, in the sum of $168.09, and the further costs in the sum of $10.00 awarded the plaintiff in the order of this court, dated 5th of April, 1871, on sustaining plaintiff's demurrer to defendant's supplemental answer, amounting in all to the sum of $178.09, are fully paid and discharged; and this order is made reserving and saving to the plaintiff fully in all respects the costs awarded him as aforesaid in said sum of $178.09, and until they are fully paid and discharged, all further proceedings herein on the part of the defendant are hereby stayed and enjoined. It is, however, further ordered that if the defendant shall, within forty days after the date of this order, determine to offset the defendant's costs against the plaintiff's said costs, let the defendant's costs be taxed and off-set accordingly; and if they exceed plaintiff's said costs, let the said stay cease, and judgment be entered for defendant for the balance; but if the plaintiff's costs exceed defendant's, let said stay of proceedings, after said offset is made, be continued against the defendant until such excess is fully paid and satisfied."

From this order the defendant appealed.

*Wm. F. Vilas*, for defendant, argued that, the costs having been imposed as a *condition* of leave to put in the supplemental answer, and the defendant, by not paying the costs, having signified its refusal to accept the favor on those terms, the new defense was of no avail to defendant, and plaintiff might have disregarded it ( *Willink v. Renwick*, 22 Wend., 608; *Hoadley v. Cuyler*, 10 id., 593); that by demurring to such answer, however, plaintiff entirely waived the costs, and elected to consider the answer as in the case; that defendant's argument of the demurrer could not operate as a waiver of plaintiff's waiver of costs. 2. Plaintiff's motion was premature, to offset costs on an order against a judgment which was not yet ordered, and the amount of which, as well as the character of the items

of which it was to be composed, was not ascertained. The order made is irregular, because it varies essentially from that described in the notice of motion. *Hungerford v. Cushing*, 8 Wis., 320. After a judgment for the plaintiff is reversed in this court upon principles decisive of the case, is it competent to *discontinue?* 3. The order to stay proceedings was irregular and unauthorized. *Pinney v. Johnson*, 2 Wend., 623.

*Smith & Lamb*, for respondent.

LYON J. The plaintiff had an undoubted right to discontinue his action, and the court ordered it discontinued upon his suggestion contained in the motion to offset the costs. There was therefore no error in that portion of the order. *McLeod v. Bertschy, ante*, 176.

It is in the sound discretion of the court to grant or refuse leave to interpose a supplemental pleading. Were it otherwise, the statute would not require an application for leave to do so to be made to the court. R. S., ch. 125, sec. 41. It being within the discretion of the court to grant such leave, it seems to follow that the court may impose equitable terms as a condition of granting the same. This practice has been sanctioned in New York under a similar statute. *Sage v. Mosher*, 17 How. Pr. R., 367 ; *Madison Avenue Baptist Church v. Baptist Church in Oliver Street*, 2 Bosw., 642 ; *Bate v. Fellowes*, 4 id., 638. This rule is believed to be just and reasonable. The interposing of a supplemental pleading may work a continuance of the cause, or may, in other ways, result in expense and loss to the opposite party, for which he ought to be indemnified by the imposition of proper terms.

The true construction of the order in this case allowing a supplemental answer to be put in, is that the allowance thereof was upon the terms or condition that the defendant pay the costs of the action to that time. Inasmuch as the proposed pleading contained an averment of a fact which had but recently occurred, and which was supposed to be a bar to the

Damp vs. The Town of Dane.

action, were the order before us on appeal we could not say that it is entirely clear that the terms imposed are unreasonable; and especially so, if, as is claimed, the order resulted in a continuance of the cause after the plaintiff had prepared for trial at much expense. But the order is not before us on appeal, and if it was presented for review by the former appeal (which, so far as the terms therein imposed are concerned, is at least very doubtful), it certainly was not disturbed by this court.

It is claimed that the defendant did not accept the order on the terms proposed. We do not see how this position can be maintained in view of the facts, which may fairly be inferred from the record, that the counsel for the defendant accepted service of the demurrer to the supplemental answer, and argued the same, without objection (so far as appears), and without claiming that no supplemental answer had been interposed, because the defendant refused to submit to the terms imposed as a condition precedent to interposing the same. It would seem that if the terms were repudiated, the plaintiff was entitled to notice of the fact when he proceeded in the case on the theory that the supplemental pleading had been interposed. Failing to give such notice, and treating the pleading as having been regularly interposed, we think it was too late, after the demurrer was decided, for the defendant to say that it repudiated the terms, and hence, that the pleading was never in the case. It is quite true, that, in the first instance, it was optional with the defendant to pay the terms and take the benefit of the order, or to refuse to do so and forego such benefit. But when it took the benefit of the order, it elected to pay the terms.

We cannot think that the plaintiff waived his right to these costs by demurring to the supplemental answer before the same were paid. When the plaintiff took the benefit of the order, the right of the plaintiff to the costs imposed as terms became absolute. He could have insisted upon a compliance

with such terms before accepting the supplemental answer, but he was not compelled to do so, or waive his rights. The case in this respect is not unlike a continuance of a cause on terms which are not paid. The court will, at the same or a subsequent term, compel payment of the costs imposed as terms of the continuance, by awarding appropriate process for such purpose.

Were the defendant a natural person, these costs might have been collected by proceedings under sec. 4 of ch. 149, R. S., because the order awarding them is not a *judgment*, within the meaning of the statute, upon which an execution may issue. This defendant being a town, the remedy given by ch. 149 is not available; yet the right of the plaintiff to recover the costs which have become due to him under the order of the court, remains unimpaired.

How may these costs be recovered? Without determining whether the proper town authorities can be compelled by *mandamus* to levy a tax and pay them, or whether the plaintiff can maintain an action against the town therefor, we are of the opinion that they may, upon equitable principles, be set off against any judgment for costs which the defendant may recover upon the discontinuance of the action. True, the costs due the plaintiff have not been awarded to him by the *judgment* of the court, and it is usually said that mutual *judgments* may be set off. Yet the costs are awarded to him by the direct action and order of the court; the amount is as definite, and his right thereto as absolute, as though they had been formally adjudged to him at the end of a litigation. Under such circumstances no good reason is suggested why such set-off should not be made. It seems to us that it may, equitably and lawfully, be allowed.

It is objected, however, that the order appealed from does not allow such set-off, but seeks, by stay of the defendant's proceedings, to compel it to consent that the same be made. Such is the purport of the order. It attempts to do indirectly

Damp vs. The Town of Dane.

and before judgment, what the court has power, after judgment, to do directly. The better practice would have been for the plaintiff, after judgment had been entered against him for the costs, upon the discontinuance of the action, to apply to the court to offset against such judgment the amount of costs which had been awarded to him, and the court would have so ordered.

But conceding that the course pursued is irregular, it is not perceived how it injures the defendant, or affects his substantial rights; and if it does not, the order ought not to be reversed. R. S., ch. 125, sec. 40. When the case was here before, it disclosed the fact that the plaintiff had no cause of action; and had he insisted on another trial in the circuit court, only two or three witnesses were necessary to demonstrate the same fact, and thus secure a verdict and judgment for the defendant. It would have been quite impossible for the defendant to have swelled its costs so as to entitle it to a judgment equal in amount to the costs which it is liable to pay the plaintiff. We must presume that at the term at which the order of discontinuance was made, the defendant only procured the attendance of necessary witnesses. Hence, were there no stay of proceedings, and should the defendant perfect judgment for its costs, the judgment could not, upon any correct taxation of costs, amount to $178. Now what possible consequence is it to the defendant, whether such judgment be entered and immediately satisfied by such set-off, or whether it be prevented from perfecting judgment until it consent to such set-off? Were it probable that there would be a balance in favor of the defendant, it might be different. It might then be held that the town should not be required to yield its right to contest the validity of the plaintiff's claim, before it can have a judgment, when confessedly it would be entitled to a judgment, at least, for the surplus. Here the entry of a judgment would be a mere form, and not the slightest injury can result to the defendant by being restrained from entering it until he consents to the set-off.

For these reasons, it becomes unnecessary to determine whether the order appealed from is or is not strictly regular, or whether the practice adopted by the circuit court can be held correct in all cases.

*By the Court.*—The order of the circuit court is affirmed.