[No. 1136.]

SAMUEL BROWN, RESPONDENT, v. R. W. WARREN ET AL., APPELLANTS.

NEW TRIAL—ACCIDENT AND SURPRISE—NEGLECT OF ATTORNEY—AFFIDAVIT—WHEN INSUFFICIENT—PROBATIVE FACTS.—The defendants, on motion for new trial, presented their affidavits to the effect that they had retained an attorney and had reason to believe and did believe that he would attend to their case and hence they did not give the case their personal attention. The affidavits only stated the ultimate fact: *Held*, that the affidavits were insufficient to authorize the court to grant a new trial; that defendants should have stated the probative facts upon which their belief was based, so as to enable the court to determine the existence of the ultimate fact.

CONTINUANCE—POWER TO IMPOSE CONDITIONS OTHER THAN PAYMENT OF COSTS.—The court, upon the application of defendants, made an order continuing the cause upon condition that defendants pay certain costs, and if such costs were not paid within a stated time, that the answers of the defendants should be stricken from the records without the right to defend the action. The continuance was accepted upon the terms imposed. The costs were not paid. The answers were then stricken out and judgment, after hearing upon part of plaintiff, rendered for plaintiff: *Held*, that the court had authority to impose the conditions and enforce the same by rendering judgment for plaintiffs.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts sufficiently appear in the opinion.

*William Cain*, for Appellants:

I. That a court may impose terms upon granting a continu-

ance is regulated by the statute. (1 Comp. Laws, 482.) No provision is made for striking out an answer or prohibiting defendants to introduce testimony. Being an order in the nature of a judgment for payment of money, it could not be enforced by execution. (1 Comp. Laws, 215.) Or payment demanded before continuance granted. Defendants knew nothing of this order. The remark of their attorney did not amount to a consent of the terms imposed. It was too late to remedy the mischief done by not notifying defendants of the terms imposed upon them. (*Pinney* v. *Johnson,* 2 Wend. 623; *Slocum* v. *Watkins,* 1 Den. 631; *De Roufigny* v. *Peale,* 3 Taunt. 483; *Townley* v. *Jones,* 8 C. B., N. S., 288; Hill. New Trials, 420, 421, 425; *Turner* v. *Morrison,* 11 Cal. 21.)

*W. E. F. Deal,* for Respondent:

I. As to accident or surprise. In order that a new trial should be granted on this ground, it is necessary that the moving party show affirmatively that the accident or surprise was such that ordinary prudence could not have guarded against, and that the defendants were injured by it. Not only must the moving party show that the result was not caused by his own negligence, but he must, after he establishes that, show what case he can establish in the event of a new trial, and that the result would be different from what it was. (*Cook* v. *De la Guerra,* 24 Cal. 237; *Brooks* v. *Douglass,* 32 Cal. 208; *Schellhous* v. *Ball,* 29 Cal. 605.)

II. Can a party leave his case entirely in the hands of his attorney, without any intention or expectation of paying any personal attention to it, and then, on failure of his attorney to notify him of the proceedings, after an adverse result, have a new trial ? If in ordinary cases the negligence of the attorney is the negligence of the party to the suit, how much more so is it in a case like the present, where the defendants absolutely left the case to their attorney in everything ? (Hill. New Tr., 549 *et seq.; Nightingale* v. *Oregon Cent. R. Co.,* 2 Saw. 341.)

III. It is not questioned that the court had the power to impose the payment of costs as a condition precedent to the

continuance. This necessarily carries with it the power to enforce compliance with the conditions. Instead of making the conditions mentioned, the court would have had the power to require defendants to consent to the judgment to which plaintiff would have been entitled under his complaint. (*Murray* v. *Emmons,* 26 N. H. 524; *Booth* v. *Whitby,* 5 Hill 447.)

By the Court, BELKNAP, J.

This action was commenced on the fourteenth day of May, 1878. In the month of January, 1880, a trial was had, in which plaintiff was non-suited. The judgment of non-suit was reversed by this court, and a new trial ordered. (16 Nev. 228.)

During the month of September, 1881, the cause was set down for trial upon the first day of November following. On that day the defendants' attorney was prevented by illness from trying the cause, and the trial was postponed for the term upon the condition, as stated by the record, "that the defendants pay the costs of plaintiff of his preparation for trial at this term, including all witness fees for two days each and their mileage, said costs to be paid on or before the next term of this court, or that the answers of all the defendants in this action be stricken from the records, without the right to defend the action. The said condition being accepted, said cause is continued accordingly."

At the succeeding January term of court it was ascertained that the previous order touching costs had not been complied with. Upon learning the fact, the court inquired of the attorney of the defendants whether he appeared for them. The attorney replied that he did, "but, in his opinion, it would do no good for him to do so." Thereupon the court ordered that defendants be prohibited from defending the action, and their answers be stricken from the files.

Afterward evidence was received by the court from the plaintiff in support of the averments in his complaint, and of the damages claimed by him, and judgment in his favor was rendered accordingly.

Defendants moved for a new trial upon the grounds:

First—Of accident and surprise, which ordinary prudence could not have guarded against, and

Second—Of irregularity in the proceedings of the court preventing a fair trial.

A joint affidavit of three of the defendants is used in support of the first ground of the motion. This affidavit, in so far as it purports to show accident or surprise states, in effect, that the defendants had retained the attorney heretofore referred to; that they had reason to believe and did believe that he would attend to their case; that for this reason they did not give to it their personal attention; that since September, 1881, they had heard nothing concerning the case, and did not know until after the entry of the judgment against them of the order continuing the trial of the case until January, upon terms; and that they are residents of the city of San Francisco, state of California.

The affidavit does not purport to attach accident or surprise to the attorney. Whatever he did in connection with the case appears to have been done deliberately. True, he did not expressly accept the conditions imposed by the order of continuance, for he was not in court at the time the order was made. But he acquiesced in its terms by accepting the continuance, and making no objection thereafter to the order, or effort to modify or set it aside. And when the matter of the non-payment of costs was before the court for consideration, no excuse was suggested, nor extension of time for payment asked.

In general, this conduct of the attorney would be conclusive upon his clients, but the affidavit sets forth the fact that the defendants did not give their personal attention to the case because they believed and had reason to believe their attorney would fully attend to it.

In this respect the affidavit is insufficient. It states only the ultimate fact or conclusion, to-wit: that they had reason to believe their attorney would attend to the case, instead of stating the probative facts upon which the belief was based. Unless defendants had reason to believe their attorney would attend to the case, they presented no excuse for their own inattention. Whether they did have reason to so believe was

a question to be determined by the district court upon the facts constituting the grounds of belief. These facts should have been stated, so that the discretion of the court could have been exercised, for it, and not the parties, must determine the existence of the ultimate fact.

The other objection relates to the authority of the court to impose other terms than costs as a condition for granting the continuance. The statute does not authorize other terms than costs to be imposed. But in the reports so many cases may be found in which the power of imposing conditions upon a party upon granting his application for a continuance has been exercised, that the practice must be considered established. In *Ames* v. *Webber*, 10 Wend. 576, where there was reason to apprehend that the defendant might die previous to the next circuit, the court imposed as a condition of continuance that defendant should stipulate that his death should not abate the suit.

In *Brooklyn Oil Works* v. *Brown*, 38 How. Pr. 451, the continuance was granted on condition that defendant stipulated to allow an inquest on the next adjourned day if they should not then be ready to proceed with the trial.

In *Booth* v. *Whitby*, 5 Hill. 446, the court of common pleas ordered a cause to be postponed for the term on the defendant's application, upon payment of costs to plaintiff within twenty days, or that he have judgment, etc.; it was held that unless the costs were paid, pursuant to the order, the plaintiff might perfect judgment.

In rendering its decision the supreme court employed language applicable to the present case: "If the defendant did not like the terms, he should not have taken the rule. Having taken it, and then neglected to pay the costs, it was very proper for the court to enforce the order by rendering judgment for the plaintiff." (See, also, *Edwards* v. *Lewis*, 18 Ala. 497; *Gowen* v. *Jones*, 20 Ala. 128; *Brown* v. *Murray*, 4 Dowl. & Ryl. 830; *Rannells* v. *The State*, 18 Ind. 256; *Walker* v. *Greenlee*, 1 Dev. Law, N. C., 367; *Decker* v. *Judson*, 16 N. Y. 439; *Cox* v. *N. Y. C. and H. R. R. Co.*, 63 N. Y. 414.)

The judgment and order of the district court, overruling defendants' motion for a new trial, are affirmed.