|No. 6859.|

## FORD ET AL. V. SIMMONS.

1. CONTINUANCE—*Discretion*—The granting or refusal of an application for continuance is largely in the discretion of the

trial court. Only, for an abuse of discretion will its ruling be disturbed—(254).

A second or further continuance is not favored, and will usually be denied unless the applicant shows all reasonable efforts made to be prepared for trial—(255).

2. ——Absent witness—Diligence—Defendants applied for a continuance upon the ground of the absence of one of the defendants, and another material witness. As to the absent defendant, there was no showing that he would be able to be present within any reasonable time, nor was the failure to secure his deposition excused.

As to the witness, his whereabouts in another state had been ascertained, a dedimus for his examination issued, and the witness had been directed to attend the commissioner. The cause being set for trial on January 2nd the attorney who prepared the interrogatories for this witness had gone to New York, early in the preceding December, and failed to return until the 24th of that month. But defendants were represented by another attorney, and there was no showing of anything done, upon his part, during the absence of his associate, to secure the deposition, nor that any effort had been made to procure the attendance of the witness before the commissioner, save to request such attendance, nor but that his personal attendance at the trial might have been secured.

The showing was held entirely insufficient—(255-256).

3. ——Conditions Imposed—Plaintiff in 1907 sued before a justice of the peace for wages as a farm hand, earned durig 1906, and moneys expended at defendants request. Defendants put in a counter claim which afforded a presumption of bad faith, and a purpose to intimidate plaintiff and constrain him to discontinue his action. Plaintiff prevailed, and defendants appealed, and by dilatory motions, protracted the litigation. In November, 1908, defendants were granted a continuance to Jan. 2, on condition that they should pay certain costs incurred by the plaintiff. Jan. 2, though not having complied with this condition, they applied for a further continuance on account of the absence of witnesses. The showing of diligence was insufficient. Nevertheless the application was allowed, and the cause continued to March 16th, but on condition that, by Feb. 16, defendants should pay all costs accrued in the action, and that, failing therein, the court in its discretion, might exclude them from further defending the action or prosecuting their counter claim. Held that the circumstances justified the imposition of this condition; that

plaintiff's insolvency was no ground to excuse defendants' compliance with the commissioner; nor was a motion to retax the fees of certain witnesses, on affidavit of immateriality; nor was a motion to change the venue; nor a motion for a third continuance—(256-259).

4. ——*Acceptance of conditions imposed presumed*—A party who accepts a continuance must be held to assent to the condition upon which it is granted, even though at the time, he objects and protests. Desiring to contest the propriety of the conditions, he should refuse the continuance, reserve an exception and proceed to trial—(259, 260).

*Error to Douglas District Court.*—HON. W. S. MORRIS, Judge.

Mr. WARWICK M. DOWNING, Mr. BERNARD J. FORD, for plaintiffs in error.

Messrs. ORR & CUNNINGHAM, Mr. C. M. HAWKINS, Mr. H. M. MASON, for defendant in error.

Mr. JUSTICE HILL, delivered the opinion of the court:

The defendant in error brought this action in the county court of Douglas county to recover the sum of $154.25 due him for wages as a farm hand during the year 1906; also for the additional sum of $40.95 for articles purchased and paid for by him, for the use and at the request of the defendants, plaintiffs in error here. The judgment of the county court was in favor of the plaintiff for the amount claimed.

The case was appealed to the district court, in which court, upon November 30, 1908, the defendants filed their motion for a continuance, supported by affidavits. The record does not disclose prior notice of this motion; the plaintiff was present with his witnesses ready for trial; the motion was granted; the cause continued until

January 2, 1909, upon condition that the defendants. pay the sheriff's and witnesses' fees.

Upon January 2nd, the defendants, by their counsel, appeared, and without notice, filed a second motion for a continuance supported by affidavits. The plaintiff, together with his witnesses, was again present and ready for trial. The defendants had not complied with the order of the court made on November 30th pertaining to the payment of sheriff and witness fees. The second motion was (upon the date filed) granted, and the cause again continued until March 16, 1909, upon condition, that defendants pay all costs accrued to date, including that for this continuance; that such costs be paid on or before the 16th day of February following, and that in default of such payment the defendants might, in the discretion. of the court, be debarred from either defending or prosecuting their cross-complaint. To this rule in imposing costs, the defendants objected for the reason, as they alleged, that one of the witnesses knew nothing about the case and objected to the allowance of the fees of said witness, or the fees of any witness without opportunity to show they were not properly taxable. They further objected to that portion of the order pertaining to the right of the defendants to proceed further in default of the payment of costs. These objections were overruled and the cause continued.

Upon March 15, 1909, the defendants filed a motion for a third continuance, supported by affidavits. Upon the same date they filed a motion to retax costs, which included certain witness fees, mileage and sheriff fees in subpoenaing them, alleging, that none of the witnesses knew anything material concerning the complaint, counterclaim or defense; that the claim of said witnesses for mileage is not authorized by law, etc.; that the subpoena-

ing was vexatious for the purpose of burdening the defendants; that the clerk had no right to tax said costs, etc. The defendants at the same time filed a motion for a change of venue from Douglas county. Accompanying these papers was an affidavit showing that copies were, on the 13th of March, at Denver, mailed and addressed to plaintiff's counsel at Colorado Springs.

The cause again came on for trial on March 16th, when the attorneys for the defendants appeared and challenged the jurisdiction of the court to proceed with the trial of the cause calling attention to the fact that they had then filed a motion for a change of venue. The court then asked as to whether they had paid the costs in compliance with his order of January the 2nd, and was advised, in substance, that they had paid $10 of the clerk's costs; that the other costs they disputed, and had filed a motion to retax them; that while there was a dispute they did not desire to pay them, and presented many other frivolous reasons as to why they should not pay them. They further contended that the court had no right to take up any matter other than that involved in the motion for a change of venue. The court ruled, in substance, that inasmuch as the defendants declined to comply with the terms of the orders of November 30th and January the 2nd, upon which the continuances were granted, that pursuant to the conditions contained in the order of January the 2nd, they would not be allowed to proceed further in the matter and ordered the plaintiff to proceed with the trial. Before doing so the defendants' counsel were allowed to make all necessary objections and exceptions, including one to the final judgment, with the right to appeal, etc. The court then proceeded to the trial of the cause without a jury. Judgment was in favor of the plaintiff for the same amount awarded him by the county

court; the defendants bring the case here for review upon error.

It is claimed that the court erred in its order of January 2nd, when, as a prerequisite to the granting of the second continuance, it imposed the payment of certain costs by the defendants; and also in ruling that in default of its payment they should, in the discretion of the court, be denied the privilege of defending or prosecuting their counterclaim; and on the 16th of March, upon their refusal to comply with the former orders, in refusing to allow the defendants to participate in the trial, and in refusing to hear their motion for, and to grant them a change of venue, and in refusing to hear and grant their third motion for a continuance. It is urged, first, that the court had no right to impose any of these conditions or to refuse any of these matters without terms; and second, that such action was arbitrary, unjust and an abuse of discretion. Some of these questions are not properly before us; we cannot agree with the defendants pertaining to those which are. The argument to support them is based upon a false premise. The first motion for a continuance was granted upon very reasonable terms, which were not complied with. It is conceded they could have been. The excuses given were frivolous. It is urged that the first, as well as the second, continuance was a matter of right which the court had no discretion concerning. In this counsel are clearly in error. The rule is well settled in this state that the granting or refusing of an application for a continuance is largely in the discretion of the trial court and only for an abuse of such discretion will its ruling be disturbed.—Section 194, Revised Code, 1908; *The Hartford Fire Insurance Co. v. Hammond,* 41 Colo. 323; *Purse v. Purcell,* 43 Colo. 50; *Goldberger v. The People,* 45 Colo. 327.

If we concede that it would have been an abuse of discretion in refusing to grant the first continuance, it is questionable if the showing made for the second was sufficient. As a general rule a second and further continuances are not favored and will usually be denied unless the applicant can show that he has used all reasonable effort to effect the result upon which the grounds of continuance are based.—9 Cyc. 157.

The diligence used to secure the deposition of the witness Cook is insufficient. It is to the effect, that Cook was an important witness for the defendants; that he had been located in Cheyenne, Wyo., and had been instructed to go to C. W. Burdick in that city, to whom the dedimus was to be issued, and there give his testimony; that one of the counsel for the defendants went to New York early in December but did not return until December 24th; that he had prepared interrogatories for Cook. The defendants were represented by two attorneys; there is no showing that in the absence of the one in the east the other made any effort to do anything. There was no showing that the personal attendance of this witness could not have been secured. There was no showing that any effort was made to secure his deposition other than to request him to go to the office of a certain person in Cheyenne. In many other respects this showing is insufficient.

The only other reason assigned for this second continuance pertains to the illness of the defendant, Patrick F. Ford. It is shown, that he had the rheumatism; that on December 26th he was ordered by his physician to go to Salt Lake City. There was no showing as to when he would return or any reasonable expectation that he would obtain relief so that he could attend the trial within any reasonable time. There was no showing why his deposi-

tion could not have been secured. In many other respects the showing was entirely insufficient to justify the granting of this second continuance. If any error was committed in this respect it was in favor of the defendants. But counsel contend that they objected to the terms upon which the continuance was granted, that the court had no right to impose them. However, the continuance was granted upon the defendants' motion; they were willing to, and did, accept the benefit of it, and in doing so they must be held to have consented to the terms imposed upon which it was granted. A somewhat similar question was presented in the case of *Humes v. O'Bryan & Washington,* 74 Ala., wherein at page 78 that court said:

"It is insisted, however, that the record shows that the appellant *objected* to accepting *the continuance* on the terms imposed. We do not so construe the record. The recital following the order of continuance is—'to which *order* defendant excepts.' It is obvious that the appellant *enjoyed the benefit of the continuance*, and did not object to that; otherwise, he would have insisted on proceeding with the trial of the cause. His exception, according to a well settled rule, must be most strongly construed against him, as the excepting party. It must be taken as an acceptance of the continuance, with an objection to *the terms* imposed. This was not permissible. The enjoyment of the benefit of the order as made, was an acceptance of the condition with which the court saw fit to burden it. The two should have been accepted or rejected as an entirety, and this course does not seem to have been followed."

The same principle, in substance, is announced in the case of *Damp v. The Town of Dane,* 33 Wis. 430.

Was the court justified in imposing terms as a condition upon which the continuance was granted? The

answer of the defendants admits that the plaintiff was employed and served as in his complaint alleged, with the exception, they claim, that he was to only have $20 per month instead of $25, as he claims. They also admit that he advanced for them the amount alleged. These services were performed and this money advanced during the year 1906. The suit was instituted in 1907 but the defendants (by appeal to the district court, and in addition to those heretofore mentioned, by sundry other dilatory pleadings, such as a motion to make more specific demand for account, demurrer, etc.) had been able to keep the case in the district court until January 2nd, 1909, and delayed payment of the amount; although for the wages of a farm hand, and advances made by him for them, also to any one familiar with farm life and the raising of crops, the management of stock, etc., the amount and substance of their cross-complaint, is, within itself, a strong presumption that it could hardly have been filed in good faith, but rather for the purpose of being used as a threat of what the result of a judgment might be in their favor, in case he persisted in the prosecution of this suit for his meager wages of $25 per month, and money advanced upon their behalf. These were the conditions which confronted the trial judge when the application was made for the second continuance with the further fact that the defendants had not as yet complied with the former order in payment of the costs under which terms the first continuance was granted. Such being the case we are of the opinion that he was justified in again imposing terms upon which the second continuance would be granted.

· · When the cause came on for trial March 16, 1909, the defendants presented further dilatory pleas, and also, in· substance, defied the court in the enforcement of its

former order, by refusing to comply therewith, although
the total amount necessary to have been advanced for
that purpose, it is admitted, was about $60; there was no
showing of any inability to comply with the provisions
of the former order, to the contrary, one of the affidavits
upon behalf of the defendants shows that they were people
of means and could have readily complied, had they so
desired.

The fact that the plaintiff was insolvent, for which
reason it is alleged in case of ultimate recovery by the
defendants, these costs could not have been recovered
back, is no justification for the refusal to comply with
the order. The court had the right to require, and it is
debatable if the effect of the order is not, that these costs
were, in no event, to follow the result of the litigation,
but it is unnecessary to interpret the meaning of the
order in this respect. Likewise, the motion filed at that
time to retax the costs was no defense to their failure in
complying with it. They included only the statutory fees
for the attendance of the witnesses, together with the
fees of the sheriff in subpoenaing them, with some small
amount of clerk's costs, but instead of paying them or
showing their inability to do so, we find the defendants,
by their counsel, again appearing upon the day set for
trial and presenting three additional motions; to wit, mo-
tion for a change of venue; motion to retax the costs of
certain witnesses who as yet had never had an opportunity
to testify, stating as a reason that they knew nothing
about the case and that their testimony would have been
immaterial, etc.; and lastly, a motion for a third con-
tinuance, also declining to comply with the former order
of the court; and in addition, at this late date, challenging
the jurisdiction of the court to do anything other than to
grant their motion for a change of venue. The defend-

ants claim, regardless of all these matters and their continued defiant attitude in refusing to comply with that portion of the terms pertaining to the payment of costs upon which the last continuance was granted, that the court erred in declining to further hear them upon these motions and in refusing to permit them to thereafter participate in the trial. Its action in this respect may be the subject of review in a proper case, but where the defendants' motion for continuance is granted upon terms, where, as in this case, it was optional with them to accept or not upon the terms imposed, their acceptance of the continuance is an acceptance of the conditions upon which it was granted, as stated in the case of *Rhea v. Tucker,* 56 Ala. at page 453, "The order of the court became thereby an agreement of record between the parties, and the defendant can not complain that it was enforced against him." Had the defendants desired to have had the validity of this order tested, they should have refused to accept its benefits, reserved their exceptions and proceeded with the trial. Not having done so, but on the contrary having asked for and enjoyed the benefit of the continuance, they cannot now be heard to complain as to the court's right to impose the terms upon which it was accepted.—*Robinson v. C. R. I. & P. Ry.,* 73 Iowa, 506; *Brown v. Warren,* 17 Nev. 417; *Booth v. Whitby,* 5 Hill (N. Y.) 446.

The same principle was involved in the case of *Supreme Lodge K. of H. v. Davis,* 26 Colo. 252, pertaining to the amendment of a pleading wherein at page 255, it is said:

" * * * where the party making such application is granted leave conditionally, it is optional with him to accept or not, upon the terms imposed, and if he assents thereto by complying with such conditional order, and

avails himself of the leave granted, there is nothing to review. Having acquiesced in the judgment, he has waived any error which the court may have committed in the imposition of a penalty as a condition precedent to the allowance of the amendment requested."

Perceiving no prejudicial error the judgment is affirmed.                                    *Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.